BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>APPROXIMATELY 3,804 FIREARMS,<br><br>　　　　　Defendant. | 1:14-CV-01999-JAM-SAB<br><br>**STIPULATION AND ORDER TO STAY FURTHER PROCEEDINGS** |
| CALIFORNIA RIFLE PISTOL ASSOCIATION, INCORPORATED,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; ATTORNEY GENERAL ERIC HOLDER, in his official capacity; B. TODD JONES, in his official capacity; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | 1:14-CV-01211-JAM-SAB |

　　　The United States and claimant Chris Cook ("claimant") hereby stipulate that a further stay is necessary in the above-entitled action, and request that the Court enter an order extending the stay of all further proceedings due to an on-going related criminal investigation against claimant Chris Cook.

1.     Claimant has filed a claim in this *in rem* forfeiture action, asserting he has an interest, in whole or in part, and directly, on behalf of, and/or as custodian, for each of the defendant assets in this action. ECF No. 7.

2.     The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). The United States contends that the defendant assets were involved in or used in a violation of federal law, 18 U.S.C. § 922(a)(1)(A) (unlicensed importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce). Claimant denies these allegations.

3.     The United States intends to depose claimant Cook regarding his claim and the allegations as set forth in the complaint. If discovery proceeds at this time, claimant may be placed in the difficult position of either invoking his Fifth Amendment rights against self-incrimination and losing the ability to pursue his claim to the defendant assets, or waiving his Fifth Amendment rights and submitting to a deposition and potentially incriminating himself. If he invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim he filed with this court.

4.     In addition, claimant intends to depose, among others, law enforcement involved with this investigation, including but not limited to, the agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Allowing depositions of the law enforcement officers at this time may adversely impact the ability of the federal authorities to investigate the alleged underlying criminal conduct.

5.     The parties recognize that proceeding with this action at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, and because the parties are attempting to settle the civil forfeiture case, the parties jointly request that these matters be stayed until April 1, 2016, in accordance with the terms of this stipulation.

///
///
///
///
///

6. At that time the parties will advise the court of the status of the criminal investigation and will advise the court whether a further stay is necessary.

Dated: February 2, 2016   BENJAMIN B. WAGNER
United States Attorney

 /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant United States Attorney

Dated: February 2, 2016    /s/ C.D. Michel
C. D. MICHEL
ANNA M. BARVIR
Attorneys for Claimant Chris Cook
(Approved by email on 2/2/16)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until April 1, 2016, in accordance with the terms of this stipulation. On or before that date the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated:

JOHN A. MENDEZ
United States District Court Judge